Reed W. Larsen (3427)
Javier L. Gabiola (5448)
COOPER & LARSEN, CHARTERED
151 North 3rd Avenue, 2nd Floor
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone: (208) 235-1145
Facsimile:  (208) 235-1182
reed@cooper-larsen.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ESTATE OF JESUS MADERA, MARIA IBARRA, YESSENIA MADERA, KARINA MADERA, BRIANNA MADERA, and AZUSENA MADERA,<br><br>    Plaintiffs,<br><br>v.<br><br>BAYER CROPSCIENCE, L.P., a Delaware Limited Partnership, BAYER CORPORATION, a Indiana corporation, and BAYER AG, a German corporation,<br><br>    Defendants. | Case. No. 4:15-cv-00274<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, Estate of Jesus Madera, Maria Ibarra, Yessenia Madera, Karina Madera, Brianna Madera, and Azusena Madera, and for causes of action against Defendants, state, allege and complain as follows:

**GENERAL ALLEGATIONS**

1.That all times material herein Plaintiff Maria Ibarra was and is the sole, surviving spouse of decedent, Jesus Madera.  Ms. Ibarra resides in Rupert, Idaho, and is the representative of

COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 1

the Estate of Jesus Madera. Plaintiffs Yessenia Madera, Karina Madera, Brianna Madera and Azusena Madera are the surviving daughters of Jesus Madera, all of whom reside in Rupert, Idaho.

2. That at all times material herein, Defendant BAYER CROPSCIENCE, L.P. currently is and was a Delaware Limited Partnership organized under the laws of the state of Delaware and authorized to engage in commerce by that state, as well as the state of Idaho.

3. That at all times material herein, Defendant BAYER CORPORATION, was and is an Indiana corporation, organized under the laws of the state of Indiana and authorized to engage in commerce by that state, as well as the state of Idaho.

4. Defendant BAYER AG is a German corporation, and is the parent corporation of, and wholly owns, BAYER CORPORATION. Both BAYER AG and BAYER CORPORATION are corporations doing business worldwide in the fields of chemicals and technology. Defendants BAYER AG and BAYER CORPORATION are chemical and agricultural businesses that manufacture and/or introduce the chemical Temik 15G into the market for their affiliate, BAYER CROPSCIENCE, LP, a manufacturer of Temik 15G.

5. On November 20, 2013, Jesus Madera, a spanish-speaker, at the age of thirty-nine (39), passed away from metastatic adenocarcinoma of the lung. Prior to his passing, Jesus Madera was a farm laborer, and pursuant to his employment duties, was required to use and to be exposed to the chemical Temik 15G, also known as aldicarb. Temik 15G, is and was designed, manufactured and introduced into the market by the Defendants.

6. Prior to his death, Jesus Madera was examined, and treated by medical providers, who found that Mr. Madera was a never smoker, and not exposed to asbestos or radon, or other lung carcinogens, but had been exposed to Temik-15G. Mr. Madera's medical providers concluded that Mr. Madera acquired metastatic adenocarcinoma of the lung, due to his exposure to Temik 15G.

## FIRST CAUSE OF ACTION - STRICT LIABILITY

7. Plaintiffs re-allege the foregoing paragraphs and incorporate the same as though fully set forth herein.

8. Defendants were at all relevant times engaged in marketing, selling, manufacturing and testing the chemical Temik 15G in question, within the stream of commerce.

9. Defendants expected the chemical Temik 15G to reach the decedent, Jesus Madera, or others similarly situated without substantial change from the condition in which it was sold.

10. The chemical Temik 15G did reach decedent, Jesus Madera without substantial change from the condition from which it was sold and had been manufactured by Defendants.

11. The chemical Temik 15G was unsafe for the foreseeable use by decedent, Jesus Madera and was otherwise defective and unreasonably dangerous.

12. Defendants' acts and the unreasonably dangerous condition and nature of the chemical Temik 15G was the proximate cause of and directly resulted in or substantially contributed to the death of Jesus Madera.

13. That the Plaintiffs, Maria Ibarra as the sole surviving spouse of Jesus Madera and the Personal Representative of the Estate of Jesus Madera and Yessenia Madera, Karina Madera, Brianna Madera, and Azusena Madera as the daughters of Jesus Madera, are and were dependant upon Jesus Madera for his support, companionship and society. As a direct and proximate result of

Defendants' conduct, for which Defendants are strictly liable pursuant to Idaho Code §6-1401, et. seq., the aforementioned Plaintiffs have suffered damages, in excess of $75,000, exclusive of attorney's fees and costs, and in further amounts to be proven at trial.

## SECOND CAUSE OF ACTION - DEFECTIVE DESIGN

14. Plaintiffs re-allege the foregoing paragraphs and incorporate the same as though fully set forth herein.

15. The chemical Temik 15G was unreasonably dangerous and in a defective condition when put to a reasonably anticipated use.

16. Defendants failed to use ordinary care in the manufacture and testing of the chemical Temik 15G and thereby created an unreasonably risk of foreseeable injury to decedent, Jesus Madera.

17. Defendants' acts were the proximate cause of and directly resulted in or substantially contributed to the death of Jesus Madera.

18. That the Plaintiffs, Maria Ibarra as the sole surviving spouse of Jesus Madera and the Personal Representative of the Estate of Jesus Madera and Yessenia Madera, Karina Madera, Brianna Madera, and Azusena Madera as the daughters of Jesus Madera, are and were dependant upon Jesus Madera for his support, companionship and society. As a direct and proximate result of Defendants' defective design of the chemical Temik 15G, for which Defendants are strictly liable pursuant to Idaho Code §6-1401, et. seq., the aforementioned Plaintiffs have suffered damages, in excess of $75,000, exclusive of attorney's fees and costs, and in further amounts to be proven at trial.

## THIRD CAUSE OF ACTION - NEGLIGENT MANUFACTURE

19. Plaintiffs re-allege the foregoing paragraphs and incorporate the same as though fully set forth herein.

20. The chemical Temik 15G manufactured by Defendants was unreasonably dangerous and in a defective condition when put to a reasonably anticipated use.

21. Defendants failed to use ordinary care in the manufacturing of the chemical Temik 15G and, thus, caused an unreasonable risk of foreseeable injury to decedent, Jesus Madera,

22. Defendants' acts were the proximate cause of and directly resulted in or substantially contributed to the death of Jesus Madera.

23. That the Plaintiffs, Maria Ibarra as the sole surviving spouse of Jesus Madera and the Personal Representative of the Estate of Jesus Madera and Yessenia Madera, Karina Madera, Brianna Madera, and Azusena Madera as the daughters of Jesus Madera, are and were dependant upon Jesus Madera for his support, companionship and society. As a direct and proximate result of Defendants' negligent manufacturing of the chemical Temik 15G, the aforementioned Plaintiffs have suffered damages, in excess of $75,000, exclusive of attorney's fees and costs, and in further amounts to be proven at trial.

## FOURTH CAUSE OF ACTION - FAILURE TO ADEQUATELY WARN

24. Plaintiffs re-allege the foregoing paragraphs and incorporate the same as though fully set forth herein.

25. Defendants failed to adequately warn of the dangers arising from the use and exposure to the chemical Temik 15G or failed to give proper notice and instructions as to the defects and dangers of the chemical Temik 15G.

26.     Defendants knew, or had reason to know that the chemical Temik 15G was unreasonably dangerous when being used with ordinary care and in the manner used by decedent, Jesus Madera.

27.     Alternatively, Defendants learned that the chemical Temik 15G was unreasonably dangerous when being used with ordinary care and in the manner used by decedent, Jesus Madera, and did not warn him of those dangers.

28.     Defendants' acts and/or failures to act directly and proximately resulted in or substantially contributed to the death of Jesus Madera.

29.     That the Plaintiffs, Maria Ibarra as the sole surviving spouse of Jesus Madera and the Personal Representative of the Estate of Jesus Madera and Yessenia Madera, Karina Madera, Brianna Madera, and Azusena Madera as the daughters of Jesus Madera, are and were dependant upon Jesus Madera for his support, companionship and society.  As a result of the Defendants' failure to warn, the aforementioned Plaintiffs have suffered damages, in excess of $75,000, exclusive of attorney's fees and costs, and in further amounts to be proven at trial.

## FIFTH CAUSE OF ACTION - NEGLIGENCE

30.     Plaintiffs re-allege the foregoing paragraphs and incorporate the same as though fully set forth herein.

31.     Defendants failed to exercise ordinary care in marketing, designing, manufacturing, testing and/or selling the chemical Temik 15G.

32.     Defendants negligently failed to warn decedent, Jesus Madera of any of the dangers faced when determining whether to use or be exposed to the chemical Temik 15G including but not limited to developing cancer, including, but not limited to, metastatic adenocarcinoma of the lung.

33. Defendants negligently manufactured, distributed, delivered, marketed, and/or sold a dangerous and defective product, the chemical Temik 15G.

34. Defendants' negligent behavior set forth herein directly and proximately resulted in or substantially contributed to the death of Jesus Madera.

35. That the Plaintiffs, Maria Ibarra as the sole surviving spouse of Jesus Madera and the Personal Representative of the Estate of Jesus Madera and Yessenia Madera, Karina Madera, Brianna Madera, and Azusena Madera as the daughters of Jesus Madera, are and were dependant upon Jesus Madera for his support, companionship and society. As a result of the Defendants' negligent actions or omissions, the aforementioned Plaintiffs have suffered damages, in excess of $75,000, exclusive of attorney's fees and costs, and in further amounts to be proven at trial.

## DAMAGES

36. Plaintiffs re-allege the foregoing paragraphs and incorporate the same as though fully set forth herein.

37. As a direct and proximate result of Defendants' strict liability, defective design, negligent manufacture, failure to warn and negligence related to the chemical Temik 15G, Plaintiffs have suffered damages, in excess of $75,000, exclusive of attorney's fees and costs, and in further amounts to be proven at trial, as follows:

    a. Past medical expenses and funeral expenses;

    b. Loss of earnings, support, comfort, companionship, society and consortium;

    c. For attorney fees and costs incurred herein;

    d. For such and further relief as the Court deems equitable and just.

WHEREFORE, Plaintiffs pray for Judgment against the Defendants as follows:

1. Past medical expenses and funeral expenses;

2. Loss of earnings, support, comfort, companionship, society and consortium;

3. For leave to amend this Complaint to add additional causes of action based upon the outcome of discovery;

4. For attorney fees and costs incurred herein; and

5. For such and further relief as the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on any and all issues properly trial able by jury in this action.

DATED this 20th day of July, 2015.

        COOPER & LARSEN, CHARTERED


        By   /s/ Reed W. Larsen
            REED W. LARSEN